UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH KIPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00124-JPH-DLP |
| | ) |
| WEXFORD OF INDIANA LLC, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR ASSISTANCE RECRUITING COUNSEL**

Kenneth Kipp has filed a motion for assistance recruiting counsel. He is suing Wexford of Indiana, LLC, and six members of the prison medical staff for deliberate indifference to a serious medical need, specifically COVID-19. Discovery has closed, and the defendants' motion for summary judgment is pending.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker*, 900 F.3d at 938 (internal quotations omitted); *Pruitt v.*

*Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc); *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d at 653; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)).

Mr. Kipp has contacted multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655).

Mr. Kipp stayed in school until 12th grade and has a G.E.D. His filings do not indicate that he has much difficulty reading or writing in English. He has not identified any physical or mental health issues that prevent him from litigating this case, although he states that he does have "a hard time paying [attention] and putting things together." Dkt. 43, p. 5. At one time he was receiving

assistance from another inmate, but that inmate has been transferred to a different facility. *Id.* Without commenting on the merits of his arguments, the Court notes that Mr. Kipp's response and surreply briefs in opposition to the motion for summary judgment, which he filed after his motion for assistance recruiting counsel, show an understanding of the legal and factual issues in this case and an ability to draft legal filings despite the lack of assistance from this inmate. *See* dkts. 53, 57; *but see Eagan*, 987 F.3d at 685 (noting that cases involving medical issues are often more complex than other prisoner civil rights lawsuits).

Mr. Kipp is competent to represent himself at this stage of the proceedings, and his motion for assistance recruiting counsel, dkt. [43], is **denied without prejudice**. The Court will remain alert to changes in circumstances, such as a trial or settlement conference, that might warrant reconsideration of this Order.

**SO ORDERED**.

Date: 6/3/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENNETH KIPP
110393
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com